# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TABITHA NEWTON,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-604-Orl-18DAB**

**SUNTRUST BANK,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY FEES AND COSTS (Doc. No. 25)**
>
> **FILED:** June 20, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff has filed no response to the motion, nor to the Court's Order to Show Cause why the motion should not be granted, as unopposed. Nonetheless, because Defendant has failed to set forth a sufficient legal basis for the imposition of attorney's fees, the Court **recommends** that the motion be **DENIED**, without prejudice to the Clerk's taxation of costs.

The Court granted summary judgment in Defendant's favor in this Family and Medical Leave Act case, and this motion for attorney's fees and costs timely followed. Defendant asserts that it is

entitled to recover costs as the prevailing party in the amount of $1,375.82. Defendant seeks reasonable attorney's fees in the amount of $25,172.00, as the Plaintiff is asserted to have acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

With respect to costs, as the prevailing party, Defendant is entitled to costs, taxed by the Clerk as a matter of course. A motion is not necessary or desirable. The Clerk is directed to tax costs in accordance with the Bill of Costs attached to the motion as Attachment #1, in the normal course.

As for attorney's fees, Defendant asserts, without contradiction, that Plaintiff brought this suit in bad faith, as shown by her failure to offer any evidence of the necessary elements of her claim. Although Plaintiff has not opposed Defendant's assertion that this is sufficient to warrant an award of reasonable fees to a prevailing defendant pursuant to the Family Medical Leave Act and the inherent authority of the Court, the Court does not agree with Defendant that it is entitled to attorney's fees pursuant to the FMLA.

The applicable provision, which is not cited by Defendant, provides that, "[t]he court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). As is clear, the FMLA provides for attorney's fees for prevailing *plaintiffs*. Defendant cites no case (and the Court's independent research has yielded none) where a prevailing Defendant was awarded fees under this provision. Indeed, as noted recently by a Pennsylvania court:

> Other courts have held, however, that the absence of "prevailing party" language is significant because the FMLA, by its own terms, only allows attorney's fees to a plaintiff who has secured a favorable judgment. *See Billings v. Cape Cod Child Dev. Prog., Inc.*, 270 F.Supp.2d 175, 176 (D. Mass.2003); *McDonnell v. Miller Oil Co.*, 968 F.Supp. 288, 293 (E.D. Va.1997); *see also Stomper v. Amalgamated Transit Union Local 241*, 27 F.3d 316, 318-19 (7th Cir.1994). The Court finds that the plain language

>of the FMLA is unambiguous that Congress did not extend to defendants entitlement to attorney's fees pursuant to the FMLA.

*Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, 2006 WL 709799, *5 (E.D. Pa., March 13, 2006.) (Slip Opinion - Text available on Westlaw). The Court agrees that there is no right to an award of attorney's fees under this provision, for a prevailing defendant.

Defendant fares no better on its contention that the Court's inherent authority justifies an award of fees. Defendant cites four cases as authority for its position. A review of those cases, however, does not lead to the conclusion urged by Defendant.

Defendant cites *F. D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974) for the proposition that the Court has such inherent authority to award fees to a prevailing party if the Court finds that the losing party "acted in bad faith, vexatiously, wantonly or for oppressive reasons." The Court does not dispute this general proposition, as cited in *Rich* and the other few cases noted by Defendant, but notes that all of the cases cited note that such authority is to be used only in exceptional cases. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, at 45 (1991) ("Indeed, "[t]here are ample grounds for recognizing ... that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel,"[citation omitted], even though the so-called "American Rule" prohibits fee shifting in most cases."); *Rich,* 417 U.S. at 129 ("We have observed that 'one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel.'[citations omitted]);.*Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) ("To ensure, however, that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to

uphold awards under the bad-faith exception absent both " 'clear evidence' that the challenged actions 'are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes' " and "a high degree of specificity in the factual findings of [the] lower courts."[citations omitted]); *Norelus v. Denny's, Inc.*, 2000 WL 33541630, *12 (S.D. Fla. 2000) ("Fees awarded pursuant to the Court's inherent power should not be made lightly, for "because of their very potency, inherent powers must be exercised with restraint and discretion."[citations omitted]).

Here, the sole basis urged to warrant departure from the American Rule is Plaintiff's alleged "bad faith" as shown by her "fail[ure] to proffer any evidence to support her claim that she was terminated from employment for exercising her rights under the FMLA." (Doc. No. 25 at 6). Merely losing the case due to a lack of sufficient evidence does not, however, equal bad faith. As the Eleventh Circuit noted, in a different context:

> The court thus found appellant's appeal to be objectively meritless, this is vastly different from the subjective bad faith contemplated by the third exception to the American Rule identified in *Chambers*. Indeed, in *Christiansburg Garment*--from which the *Zipes* standard employed by the district court was derived--the Court explicitly distinguished a claim that is "without foundation" from one advanced in subjective bad faith. *See* 434 U.S. at 421, 98 S.Ct. at 700 ("In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").
>
> In imposing the bond against Olorunnisomo, the district court said nothing that can be construed as a finding that appellant had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Instead, the court focused exclusively on the objective merit of his claims. Although the objectively unreasonable advancement of a claim warrants the imposition of statutorily-authorized attorneys' fees against, for example, a Title VII plaintiff (or intervenor, under *Zipes* ), it is insufficient to justify an analogous action pursuant to the court's inherent power. *See Baker v. Health Mgmt. Sys., Inc.*, 264 F.3d 144, 149 (2d Cir.2001) ("Under the inherent power of the court to supervise and control its own proceedings, an exception to the American Rule has evolved which permits the court to award a reasonable attorneys' fee to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

> '[A]n action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.' " (quoting *Hirschfeld v. Bd. of Elections,* 984 F.2d 35, 40 (2d Cir.1993))) (other citations and internal quotation marks omitted).

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323,1336 (11th Cir. 2002). Thus, it is clear that in this circuit, a finding of bad faith requires more than just an objective determination that the claim is without legal merit. Here, there is no showing that Plaintiff's suit was brought wantonly, for purposes of harassment or delay, or for any other oppressive reason. As such, there are no legal grounds sufficient to justify the exercise of the Court's inherent authority to sanction a party with attorney's fees.

It is therefore **respectfully recommended** that the motion be denied, without prejudice to the taxation by the Clerk of costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 4, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy